IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Jeffrey Mann, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Robert Wilkie, Secretary of the Department of Veterans Affairs,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:19-cv-00740<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

In October 2019, Plaintiff Jeffrey Mann filed this action against Defendant Robert Wilkie, Secretary of the Department of Veterans Affairs. *See* Dkt. No. 7 (noting that the complaint was originally received on October 8, 2019, even though the complaint was not uploaded electronically until October 9, 2019); *see also* Dkt. Nos. 2 & 4 (striking complaint filed on October 7, 2019).

On February 12, 2020, Plaintiff's counsel moved to withdraw without Plaintiff's consent. *See* Dkt. No. 10. That same day, Chief Magistrate Judge Warner granted the motion. *See* Dkt. No. 11. In doing so, Chief Judge Warner ordered Plaintiff either to retain new counsel and have that counsel file a notice of appearance or to appear pro se. *See id.* Chief Judge Warner also warned Plaintiff that failing to take either action within 21 days could result in dismissal of his action. *See id.*

By April 3, 2020, Plaintiff had failed to either have new counsel file a notice of appearance or to appear pro se. Chief Judge Warner then issued an order requiring Plaintiff to show cause why this action should not be dismissed for failure to comply with the February 12 order and for lack of prosecution. *See* Dkt. No. 12. Chief Judge Warner gave Plaintiff until April

24, 2020, to respond to this show cause order, again warning Plaintiff that "[f]ailure to do so may result in dismissal of this action." *Id.* at 2.

To date, Plaintiff has not responded to Judge Warner's show cause order, new counsel for Plaintiff has not filed a notice of appearance, and Plaintiff has not appeared pro se. Plaintiff has also failed to provide any evidence of service of process. *See* Fed. R. Civ. P. 4(l) & (m); *see also* Dkt. No. 10 (listing that the complaint had not been served by Plaintiff as a reason for withdrawal).

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action, *sua sponte*, if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). This interpretation is reflected in the local civil rules, which provide that "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2.

Ordinarily, "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria." *Arocho v. United States*, 502 F. App'x 730, 731 (10th Cir. 2012) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). When the dismissal is without prejudice, however, the court need not consider these criteria. *Arocho*, 502 F. App'x at 732; *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007) ("[A] district court may, without abusing its discretion, enter [a Rule 41(b) dismissal without prejudice] . . . without attention to any particular procedures.").

Here, the court has provided Plaintiff with ample opportunity to respond to Chief Judge Warner's order to show cause why this action should not be dismissed for failure to comply with

the February 12 order and for lack of prosecution. Plaintiff, however, has chosen not respond to this order, has not had new counsel file a notice of appearance, and has not appeared pro se, despite the court's admonition that failure to do so could result in dismissal of the case. The court will thus dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, the court will dismiss Plaintiff's claims without prejudice.

It is therefore ordered that:

1. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and DUCivR 41-2 for failure to comply with the court's orders, failure to show why his claims should not be dismissed for failure to comply, and failure to prosecute;

2. The Clerk of the Court shall terminate Civil Action 2:19-cv-00740; and

3. Each party shall bear his own costs.

**IT IS SO ORDERED.**

DATED this 26th day of June, 2020.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge